IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DELSY NOEMI FLORES MENA,

      Petitioner,

v.                                                No. 2:26-cv-1133-KG-GJF

ATTORNEY GENERAL of the United States;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
TODD LYONS, Acting Director of Immigration and Customs Enforcement;
EL PASO FIELD OFFICE DIRECTOR, Immigration and Customs Enforcement;
and WARDEN, Otero County Processing Center,

      Respondents.[1]

<u>ORDER TO ANSWER</u>

Before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) (Petition).   Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 and requests, *inter alia*, that the Court order federal immigration officials to release her from custody.   (Doc. 1) at 13.

Having conducted an initial review of the Petition, the Court finds the alleged facts raise a colorable claim for relief.   It does not appear Petitioner has been provided a bond hearing under 8 U.S.C. § 1226, and it does not appear that she is being detained pursuant to a final order of removal.   *See Garcia Sanchez v. Noem, et al.*, 25-cv-1219 KG/JFR (concluding petitioner was detained pursuant to 8 U.S.C. § 1226, rather than 8 U.S.C. § 1225, and ordering Respondents to provide a bond hearing); *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.) (Gonzales, J.) (same); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales,

---

[1] The Court adds/substitutes the above-listed parties as Respondents in this case. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

J.) (same).

The Clerk's Office has electronically served a copy of the petition in this matter on all federal respondents by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system.   *See* (Doc. 2).   The United States Attorney's Office (USAO) shall answer the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted.   *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition).   Petitioner may file an optional reply within ten (10) business days after the answer brief is filed.   If the USAO declines to timely respond, the Court may enter a separate order directing the Immigration Court to conduct a bond hearing in accordance with its prior rulings on this issue.

IT IS THEREFORE ORDERED that:

1. The United States Attorney's Office must answer the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted;

2. If Petitioner wishes to file an optional reply, she must do so within ten (10) business days after Respondents' response is filed; and

3. The Clerk's Office shall add the additional party Respondents set forth in the caption of this Order to the docket of this case.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

2